The next two cases, Banas v. O'Malley and Fares v. O'Malley, have been submitted on the briefs. The next case on calendar for argument is United States v. Lopez-Armenta. Good morning, Your Honors. May it please the Court. I'm Randy Baker. I represent the appellant, Fernando Lopez-Armenta. I'd like to reserve three minutes in rebuttal. The issue I'd like to address today is the District Court's refusal to instruct on the lesser-included offense of simple possession. Mr. Lopez-Armenta was convicted of possession of a controlled substance with intent to distribute. So the Court's error actually is predicated on two different laws. First, the defendant has a constitutional right to present a defense. The only defense offered in this case was that the defendant had only committed the lesser-included offense of simple possession. Second, separate and apart from that, the law requires that where there is evidence of a lesser-included offense, the Court must instruct on it. Counsel, where was the evidence of the lesser-included offense? What was the evidence of that in this case? The evidence of that was, excuse the expression, slam dunk. The defendant admitted that there were 4,000 pills of fentanyl in his Jeep. So, Counsel, so he was admitting that he had the 4,000 pills. Yes. And so is it your position that 4,000 pills clearly established that it was for personal use? No, Your Honor. I think what I'm arguing is that his admission of possession of a single pill of any amount establishes the offense of simple possession. To prove the offense of possession with intent to sell, one must show the intent to do something with it. Now, there was testimony from an expert, which a jury is free to credit or not, but it's evidence apart from the evidence of simple possession saying that 14,000 pills, that is the combined number of pills found in Mr. Lopez-Armenta's Jeep, and the pills he allegedly transferred to the government's confidential informant, that is an amount that would not be possessed for personal use. Counsel, my difficulty with your argument is if I try to imagine what would the prosecution have done if all they wanted to prove was possession of the 4,000 and there was not a guilty plea. They were going to trial. They still would have introduced the evidence of the circumstances under which they arrested your client. It would have been, they were allowed to consider the circumstances in which the possession of the drugs were found under the case law. To prove the possession, they would have said there was the, everything else would have come in that the CI had arranged for the drug buyer, that it was the Lopez-Armenta who called him and said, I will meet you and I will bring you the fentanyl. And then there was the exchange and then there was an arrest. So why wouldn't those all then be circumstances under a case law that it wouldn't have been an abuse of discretion? Well, Your Honor, the evidence absolutely would have been admissible. But under Medina-Suarez, the test to be employed on whether or not there must be an instruction on a lesser-included offense is, does the evidence that proved the lesser-included offense necessarily establish the charged offense? And my contention is, while it's possible a jury would have found 4,000 pills to which he admits, which have his fingerprint on them, a jury absolutely could have found that he possessed that with intent to sell. But that's not the question. Right. But then we review the district court's decision for abuse of discretion. And we've said when there are the possession of a large quantity plus the circumstances could show intent to distribute, that that's not an abuse of discretion to deny the lesser-included. Your Honor, I think the cases that stand for that proposition are distinguishable for several reasons. First, they involve much larger quantities of drugs. One of the cases, there was a complete meth lab. So when you have, I think it was $100,000 or $200,000 worth of, I can't remember if it was meth-based or cocaine-based, something like that, and a complete meth lab, it's pretty hard to argue that that controlled substance was possessed only for personal use. But the other point that I think is crucial here is Medina Suarez is a 2022 decision. That test, I believe, is dispositive in this case. That test says all the court gets to look at, all the trial judge got to look at in deciding whether or not to instruct on the lesser-included offense was if the defendant possessed 4,000 units, admitted to it, had his fingerprint on it, and they were found in the Jeep he was just driving, does that necessarily prove possession with intent to sell? And clearly, the government didn't think so. To follow up on Judge Sung's question from a minute ago, did the defense... Your Honor, I can't hear you. Sorry. To follow up on Judge Sung's question from a minute ago, did the defense present any sort of alternative explanation or story for why the defendant was at the Home Depot that day? The defense did not present an alternative explanation. How is it, then, that a jury could look at this set of facts and conclude that this was simple possession without simply ignoring evidence? Well, actually, the transcript, which I don't think is fully accurately accounted for in the Respondent's brief, says, I'm coming to deliver medicine. Yes, I understand that's a code word, but it's not saying I'm coming to deliver drugs, per se. The second thing I would point out is, in closing argument, the defense said, the whole defense case was, you know, throwing doubt on whether there was a transfer of fentanyl from the defendant to the confidential informant. Because if that was found, of course, it's case closed. There wasn't just intent to sell. There was a transfer. The defense pointed out that the tape recording, I guess the confidential informant was wearing a wire at the time, the defense contended there was insufficient time from the time at which the confidential informant says, you know, I see a gun, there's drugs, to the time of the police coming and arresting or beginning the process of arresting Mr. Lopez-Armenta for that transfer to have been made. The jury asked to listen to that tape again. So I think that strongly supports the inference, and we don't need a lot of evidence to support it, that the jury was contemplating the possibility that perhaps the drugs weren't transferred, and that was something that they should consider in whether or not to convict him. I think the difficulty here is in the cases where any court says there's an abusive discretion not to give a lesser-included instruction on simple possession is when the arrest occurs where, you know, it's a traffic stop or a border crossing, and there's no circumstances as to indicating that the defendant was carrying the drugs for distribution, other than the amount of the drugs. Here, the circumstances of the arrest involve, essentially, an arranged transaction for the purpose of distributing drugs, and to my knowledge, that's not been contested, that on appeal, at least, that that was the purpose of the meeting, that that is why Lopez-Armenta was in that Home Depot parking lot. Your Honor, it wasn't expressly contested, and it's hard to contest, but I would just remind the Court of the language of, I believe it's the Kaser Ninth Circuit decision, and that's — that was a case of the right to present a defense rather than of the right to a lesser-included offense instruction. But that case says you're entitled to present a defense. Remember, this is the only thing that the defendant raised at trial. Even if the evidence is weak, insufficient, or of doubtful credibility. So what Your Honor is describing is, yeah, that's, you know, it's pretty improbable that he would have had this stuff for any reason other than to sell it, especially under these circumstances. But given that juries are charged with a beyond-a-reasonable-doubt standard, that, I believe, is why you get to have the instruction given if your only defense is a lesser-included offense. And there's reason to think — Have we any case that says we should apply a different standard than we normally do in lesser-included offense cases just because it was the only offense? Well, I think this is actually really a question of law. Is the evidence that proved simple possession, does that necessarily prove — what you're describing, like why were they meeting, that is not evidence that was needed to prove simple possession. And so I think under Medina-Suarez, the lower court doesn't have a choice. There was enough to allow the defendant to be — to have the jury instructed on his only defense. And I think the Condi v. Henry case also asserts lesser-included offense. If a defendant requests instruction on it, and there's any evidence that would allow the jury to find the lesser-included offense, it is a violation of the defendant's right to prevent — to present a defense, which is a structural defect. And I've used up almost all my time. Thank you, counsel. We'll give you a minute for rebuttal. Good morning, Your Honors. May it please the Court, Erica Evans on behalf of the United States of America. The district court's decision to not give the lesser-included should be affirmed by this Court. And this is for three sets of reasons. The evidence that the jury heard leading up to the drug deal, the evidence they heard about the drug deal, and the evidence they heard afterwards of Mr. Lopez-Armenta's confession. Looking at the first set, the jury heard recordings of Mr. Lopez-Armenta calling the informant to offer to sell him some medicine. They heard recordings of Mr. Lopez-Armenta just two hours before the drug deal bragging about selling bad buttons, which our expert testified is a code word for fentanyl. They heard of the specifics and details to meet outside of this Home Depot in the parking lot. They heard all of that. For the second set of facts that the jury heard, it's in regards to the drug deal. They heard how the informant was on a wire. They heard evidence how Lopez-Armenta showed him the drugs, showed him the gun on his hip, and gave the informant the drugs. They also heard evidence of how the informant said, the guy with the money is in the bathroom, and let's put it, the drugs, in the car. They also heard evidence of how when the agents came in to arrest Mr. Lopez-Armenta,  So, Counselor, I'm sorry to interrupt, but I think the issue in Medina, we're not looking at sufficiency of the evidence, right, to prove intent. The question really is whether defendant was entitled to the lesser included instruction. My understanding is we apply the standards in Medina Suarez, and we're supposed to consider the evidence to prove the common, that was necessary to prove the common element, which was possession. And then looking at that evidence, ask whether the district court abused its discretion in determining whether, that a jury looking at that evidence would, it would be irrational to conclude that there wasn't essentially also intent to distribute. So, that's my understanding of Medina Suarez. So, looking, you can correct me if you have a different reading of that case, but if it would have been offered to prove possession, I guess what would that universe of evidence have been just to prove possession of the, and even giving the defense only the 4,000 pills? What would the government have had to introduce as evidence to prove possession of those 4,000 plus pills? Thank you for that, Your Honor, and to Your Honor's hypothetical, if it was just the 4,000 we're looking at, that's 4,000 doses of fentanyl. We also have, what Your Honor mentioned earlier, all the facts that led up to this drug deal of him calling the informant to offer to sell a medicine. We also have the loaded firearm, extra ammunition, over $3,000 in cash in his vehicle. All those facts go well beyond simple possession here. Finally, the jury heard evidence of Mr. Lopez-Armenta's confession. He told agents that he picked up the box of $10,000 or $100,000 worth of fentanyl pills from an unknown Mexican mill, and that he eventually admitted to knowing that there were pills inside that box. The jury heard all of that. The evidence is overwhelming to support his possession with the intent to distribute. And if Your Honors don't have any further questions, I'll ask that this case be adjourned. Thank you. Thank you, counsel. Thank you. One minute for rebuttal. Thank you, Your Honor. First thing I'd like to point out is there was evidence in the record that authorized a reasonable fact finder to conclude the government's witnesses were lying. Specifically, the police report failed to note, in fact, there were two reports that failed to report the transfer of the drugs from Mr. Lopez-Armenta to the confidential informant. I believe it was Agent McPherson who said, yeah, that should have been in the report. When a witness for a party, a key witness, these officers, is found to be lying, one of the reasonable inferences that may be drawn therefrom is that the evidence shouldn't be credited. The government's evidence should not have been credited. Now, Mr. Lopez-Armenta did not deny having the 4,000 fentanyl pills, but all this other matter of the transfer, for that matter of the validity of the telephone conversations, that all turned on the government validating it. The jury didn't have to credit that. Yes, it's weak. It's doubtful. That's your excuse. But that is the kind of evidence, nonetheless, that entitles a defendant to be instructed on their theory of the defense. If you don't get an instruction on your defense theory, that is no different than being told you must stand trial without a lawyer. Unless the Court has more questions, I'll submit. Thank you, Counsel.
judges: RAWLINSON, FORREST, SUNG